IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL DUROSKY, | : | CIVIL ACTION NO. **3:CV-07-1828** |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendants | : | |

**FILED
SCRANTON**

**FEB 27 2008**

**MEMORANDUM AND ORDER**

PER _ꭴꭶ - ꭱ  ꭾ._
DEPUTY CLERK

The Plaintiff, Michael Durosky filed this Federal Tort Claims Act ("FTCA") action, through

counsel, pursuant to 28 U.S.C. §2671, *et seq.*, on October 9, 2007. (Doc. 1). Plaintiff names as

Defendants the United States and two of its agencies, the Department of Interior and the National

Park Service ("NPS").[1] Plaintiff paid the filing fee. The parties have consented to proceed before

the undersigned for all matters, including trial, pursuant to 28 U.S.C. § 636(c). (Doc. 17).

The Plaintiff alleges that on March 30, 2006, while a passenger, the vehicle he was in was

negligently struck by an NPS vehicle driven by an employee of the United States acting within the

scope of his employment as a Ranger. Plaintiff alleges that he suffered severe and permanent

injuries as a result of the collision. (Doc. 1). There is no dispute that Plaintiff has elected limited

tort coverage. (Doc. 19, p. 3, ¶ 6.). However, Plaintiff seeks to invoke the exception to the limited

---

[1]Only the United States is the proper Defendant in this FTCA action. *Banks v. Roberts*,
2007 WL 3096585 (3d Cir.) (Non-Precedential). Defendants Department of Interior and the
National Park Service, federal agencies, will be dismissed. All future filings by the parties are to
indicate that only the United States is the Defendant. Thus, the Court has indicated the sole
proper Defendant in the caption of this Order.

tort election he made pursuant to 75 Pa. C.S.A. § 1705(d), by claiming that he suffered "permanent serious disfigurement" in the motor vehicle accident ("MVA").   Defendant United States disputes that Plaintiff sustained "permanent serious disfigurement" in the MVA.

On February 7, 2008, the parties filed a Joint Motion for Oral Argument on the issue of whether Plaintiff can invoke the exception to the limited tort election he made, by claiming that he suffered "permanent serious disfigurement," pursuant to 75 Pa. C.S.A. §1705(d). (Doc. 19). The Court granted the request for oral argument and held argument on February 21, 2008, with the presence of Plaintiff.

The provisions of the FTCA govern all claims against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment.  28 U.S.C. §2675 (a).  Plaintiff here is seeking damages against the United States for personal injury as a result of the March 2006 MVA.   As noted, with respect to Plaintiff's FTCA claim, the only proper party Defendant is the United States, and not the two named Defendant federal agencies.  *See* 28 U.S.C. §2679 (b) and (d)(1).  Indeed, the Affirmative Defenses the United States raised in its Answer to Plaintiff's Complaint asserted that only the United States was the proper Defendant in this action.  (Doc. 5, p. 7, ¶ III.).  Thus, the two named Defendant federal agencies will be dismissed from Plaintiff's FTCA action, and only the United States will remain as the sole named Defendant.[2]

---

[2] Since the United States is named as a Defendant along with the two federal agencies in Plaintiff's caption of his Complaint, and since this is reflected on the docket, the Clerk of Court shall be directed to delete from the docket the two federal agency Defendants and to leave only

There is no question, and the parties do not raise this as an issue, that "where a Plaintiff has elected the limited tort coverage under the PMVFRL [Pennsylvania Motor Vehicle Financial Responsibility Law], he may not maintain a suit for non-economic damages against the United States absent proof he suffered a serious injury." *Brown v. U.S.*, 2006 WL 83451, * 2 (E.D. Pa.) (citation omitted). Thus, for purposes of the instant FTCA action, our Plaintiff is held to his decision in which he elected limited tort coverage. We must now decide if our Plaintiff can recover non-economic damages based on the stated exception.

As the *Brown* Court stated:

> To recover any non-economic damages, [Plaintiff] must demonstrate by a preponderance of the credible evidence he suffered serious injuries as a result of the [March 30, 2006] accident. *See* 75 Pa. C.S.A. § 1705(d) ("[u]nless the injury sustained is a serious injury, each person who is bound by the limited tort election shall be precluded from maintaining an action for any non-economic loss).

2006 WL 83451, * 3.[3]

The parties have asked this Court to determine whether the PMVFRL precludes Plaintiff from recovering non-economic damages due to his limited tort election or if his facial injury and scarring constitute "permanent serious disfigurement."

---

the United States as the sole Defendant.

[3]Pennsylvania's statutory bar on non-economic damages under the limited tort option is an affirmative defense that must be pled or its waived. *See Sanderson-Cruz v. U.S.*, 88 F. Supp. 2d 388, 391-92 (E.D.Pa. 2000). As stated, in its Affirmative Defenses the United States filed with its Answer to Plaintiff's Complaint, the United States asserted that Plaintiff could not recover non-economic damages in this case under PMVFRL. Doc. 5, p. 8, ¶ VII.

As the Court stated in *Sanderson-Cruz*:

> Under the PMVFRL motorist may elect the "limited tort option."
> "Limited" refers to the type of compensation recoverable:
>> Under this form of insurance, you may seek recovery for
>> all medical and other out-of-pocket expenses, but not for pain
>> and suffering or other non-monetary damages unless the injuries
>> suffered fall within the definition of "serious injury" as set forth
>> in the policy or unless one of the other exceptions noted in the
>> policy applies.

88 F. Supp. 2d at 393.

In our case, it is not disputed that Plaintiff elected the limited tort option. Thus, Plaintiff must have suffered a serious injury in the March 2006 MVA in order to be entitled to recover non-economic damages against the United States in this case.[4]

The *Sanderson-Cruz* Court then stated:

> Neither the statute nor the legislative history provide any
> guidance in determining what constitutes a serious injury. *See*
> 75 Pa. C.S.A. § 1702 (defining "serious injury" as "a personal
> injury resulting in death, serious impairment of body function or
> permanent serious disfigurement").

88 F. Supp. 2d at 393.

The *Sanderson-Cruz* Court stated that "the threshold determination of whether a serious injury has been sustained is an issue of fact to be left to the fact-finder, unless reasonable minds could not differ on the issue." *Id.* at 394. In our case, we find that the issue of whether Plaintiff has sustained serious injury to his face is an issue for the fact-finder, *i.e.* this Court, since we find

---

[4]The other statutory exceptions of 75 Pa. C.S.A. §1705(d) clearly do not apply in our case, and neither party at oral argument contested this fact.

that reasonable minds could differ on the issue. In fact, the parties, in their present joint Motion,

have now called upon this Court to determine if Plaintiff has sustained serious injury to his face.

Based on the submissions of the parties, the photographs of Plaintiff's face, the Court's personal

observation of Plaintiff's facial scarring at the February 21, 2008 argument, as well as the April 22,

2007 Report of plastic surgeon Dr. Collini (Doc. 19-3), the Court finds that Plaintiff's facial injuries

constitute permanent, serious disfigurement. The Court relies heavily upon its own observation to

support its finding that Plaintiff's right side facial scars constitute "permanent serious disfigurement."

The Court also significantly relies upon Dr. Collini's Report.

Dr. Collini's Report reveals:

> PHYSICAL EXAMINATION: Well-developed, well-nourished white
> male in no apparent distress, oriented x 3, whose abnormal findings
> are limited to the facial area, which reveals evidence of multiple
> facial lacerations/scar deformities. These include the following:
>
>> 1. There is a vertically oriented, 1.5 cm scar deformity
>> extending from the right lateral canthus inferiorly for a
>> distance of 1.5 cm onto the right lower eyelid.
>> 2. 4 cm inferior to the tarsal margin of the right lower
>> eyelid begins a V-shaped, irregular, depressed, and
>> contracted, fibrotic scar deformity that is curvilinear in
>> nature. The superior arm of this V-shaped scar deformity
>> measures 6 cm and the inferior arm, 4.5 cm.
>> 3. On the inferior arm of the V-shaped scar deformity,
>> the scar is widened for a distance of approximately 1 cm.
>> This is most likely, the area of skin necrosis described in
>> the notes of Dr. Herman which healed by secondary intention.
>> 4. There is a circular, hyperpigmented scar deformity
>> located on the lateral end, just superior to the contracted
>> scar deformity located on the upper arm of the V-shaped
>> scar deformity described.
>> 5. The skin edges of this contracted scar deformity are not
>> even. There is a significant step-off, which is clearly visible
>> to a casual observer from a conversation distance.

> 6. The scars are fully mature. I do not believe that they
> will obtain a greater degree of improvement in the future.
> 7. There are no other abnormal findings on the patient's
> physical examination.

Dr. Collini's Impression was as follows:

> **IMPRESSION:**
>
> 1. Severe, disfiguring, contacted, widened, irregular,
> hyperpigmented, unstable, post-MVA scar deformities of
> the right cheek/malar complex/lower eyelid.

Dr. Collini concluded as follows:

> The patient in question has a scar that extends perpendicular to the
> resting skin tension lines, which places this patient at considerable
> risk for having a permanent, disfiguring scar deformity even after
> a successful scar revision is performed.

(Doc. 19-3).

Based on the foregoing, the Court finds that Plaintiff has produced sufficient probative

evidence to support a finding that he suffered "permanent serious disfigurement" as a result of the

March 2006 MVA. Plaintiff has also offered undisputed evidence *via* Dr. Collini's Report that his

facial injury may be a permanent, disfiguring scar deformity, regardless of whether he undergoes

future surgeries.

Accordingly, Plaintiff is entitled to seek non-economic damages, as well as economic damages, in this case.

An appropriate Order follows.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: February 7/2008

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL DUROSKY,                    :        CIVIL ACTION NO. **3:CV-07-1828**
                                    :
          Plaintiff                 :
                                    :
     v.                             :        (Magistrate Judge Blewitt)
                                    :
UNITED STATES OF AMERICA,           :
                                    :
          Defendants                :

## **ORDER**

**AND NOW**, this 27th day of **February, 2008, IT IS HEREBY ORDERED THAT:**

1. Plaintiff is entitled to seek non-economic damages, as well as economic damages, in this case.

2. Defendants Department of Interior and National Park Service are **DISMISSED**, as they are not proper Defendants in this FTCA action.

3. The Clerk of Court is directed to delete from the docket the two stated federal agency Defendants and to leave only the United States as the sole Defendant.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: February 7 2008**

8